### STATE v. JOB SMITH.

Court of Quarter Sessions.   November 17, 1796.

*Wilson's Red Book, 132.*

*Miller* and *Wilson* for defendant.   *Ridgely* for the State.

Evidence:   That R. Robinson had purchased defendant's Negro, Lish, at a constable's *vendue* at £23; that John Stafford borrowed £23 of B. Cannon and went with defendant's wife, while defendant was absent, to Robinson's, who let defendant's wife have her.   She paid the money, and Stafford could not have gotten

her for less than £45. Stafford borrowed the Negro to work for him one day, and took her to Burton Cannon, and sold her to him with warranty. Defendant went in the middle of the day to Cannon's, called the wench out and took her off, B. Cannon not being able to catch them. Stafford has taken defendant's property to repay himself. Cannon obtained the property by a state's warrant and has sold her.

Defendant's counsel urged that it was necessary in order to support this indictment that either a special or general property be proved in B. Cannon. The general property was clearly in defendant, for his wife had purchased the property, and his effects have paid the debt; that although the actual possession was in Cannon, yet the legal possession was in defendant, for he had not parted with the possession with his consent, which was necessary to divest the legal possession. 1 Hawk.P.C. 136, s. 9. Although a man may steal his own goods, yet some other person must have a special property in them or a possession with his consent. 1 Hawk.P.C. 145, s. 30. That every man has a right to retake his property if he loses possession by wrong. 2 Esp.N.P. 106.

State's attorney. Defendant should have brought his action for her; no man has a right to do an act which is a breach of the peace. B. Cannon had a special property in her, and that is sufficient to maintain the indictment. 1 Hawk.P.C. 145, s. 30.

BASSETT, C. J. There are two points for your consideration: first, whether there was a general or special property in Burton Cannon; second, whether Job Smith took the property out of the possession of B. Cannon with a mind to steal it. In order to convict this defendant you should be convinced Burton Cannon had either a general or special property in the Negro. It is true a man may be guilty of stealing the goods of a person unknown, but then it should be so laid. I apprehend that wherever a man has lost the possession of goods, and another has possession tortiously, the owner may take the possession if he does not commit a breach of the peace. But you are to consider whether B. Cannon had a general or a special property in the Negro, secondly whether defendant took the property feloniously.

Verdict, not guilty.